FILED
July 26, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002805233

4

RON BENDER (SBN 143364)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; tma@lnbyb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO DIVISION)

| In re:<br><br>MATTERHORN GROUP, INC.,<br><br>    Debtor.<br><br>---<br><br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>    Debtor.<br><br>---<br><br>DELUXE ICE CREAM COMPANY,<br><br>    Debtor.<br><br>---<br><br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUP, INC.<br>☐ Affects only VITAFREZE FROZEN CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | [Proposed] Lead Case No. 10-39672 (MSM)<br>[Proposed] Jointly Administered with Case Nos. 10-39664 (MSM), and 10-39670 (MSM).[1]<br><br>DC No. LNB-4<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO PROVIDE ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE**<br><br>Hearing:<br>  Date:    TBD<br>  Time:   TBD<br>  Place:  Department A<br>           Judge Michael S. McManus<br>           Courtroom No. 28<br>           Floor No. 7<br>           Robert T. Matsui Courthouse<br>           501 I Street<br>           Sacramento, CA 95814 |

---

[1] Motion for Joint Administration pending.

Matterhorn Group, Inc. ("MGI"), Vitafreze Frozen Confections, Inc. ("Vitafreze"), and Deluxe Ice Cream Company ("Deluxe"), the debtors and debtors in possession in the above-captioned (proposed) jointly administered Chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby move, by way of this motion (the "Motion"), for entry of an order authorizing the Debtors to provide adequate "assurance of payment" to certain utility companies pursuant to Section 366(c) of the Bankruptcy Code. This Motion is brought pursuant to 11 U.S.C. §§ 366(c) Fed.R.Bankr.P. 9014, and LBR 9014-1 and is based on the concurrently filed Notice of this Motion and the Memorandum of Points and Authorities, declaration(s) and exhibits in support hereof.

As discussed in the accompanying Memorandum of Points and Authorities in support of the Motion (the "Memorandum"), the Debtors filed their voluntary Chapter 11 bankruptcy cases on July 26, 2010 (the "Petition Date"). The Debtors continue to operate their business, manage their financial affairs, and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

MGI owns 100% of the equity of Vitafreze and Deluxe.[2] The Debtors are in the frozen dessert industry. The Debtors operate from manufacturing facilities located in Sacramento, California, and Salem, Oregon, and have approximately 31 non-union employees and 226 union employees. The Debtors' administrative office is located in Las Vegas, Nevada. The manufacturing facilities and administrative are collectively referred to herein as the "Locations."

In order for the Debtors to maintain and operate the Locations, the Debtors receive water, power, telephone, trash, internet and similar utility services from a number of utility companies (each a "Utility Company," and collectively, the "Utility Companies"). Given the importance of the services provided by the Utility Companies to the Debtors' business and the nature of the Debtors' business (production of ice cream and water-ice novelty products), it is crucial that the means of providing adequate "assurance of payment" to the Utility Companies,

---

[2] MGI also owns 100% of the equity of Matterhorn Ice Cream, Inc., which entity is not operating and has not filed a bankruptcy case.

which provide utility services to the Debtors, be determined immediately so that there will be no interruption in the services provided.

Filed concurrently herewith as Exhibit "1" is a list which sets forth, on an account-by-account basis, the name and address of the Utility Company that is currently providing utility service to the Debtors, the total amount paid by the Debtors on such account during the past 12 months and the average monthly payment based on the total amount paid by the Debtors during the past 12 months.

The Debtors intend to provide adequate "assurance of payment" by providing the Utility Companies with cash deposits, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts proposed in Exhibit "1." The total amount of the cash deposits proposed to be paid is $150,852. Generally, for each account that the Debtors have with a Utility Company, the Debtors are proposing to provide the Utility Company with a cash deposit in an amount equal to the average monthly payment based on payments made on the account during the past 12 months. In addition to paying the foregoing cash deposits, the Debtors will bring the Utility Companies current on all post-petition debts owed to such Utility Companies.

The source of the funds to be used to pay the cash deposits to the Utility Companies will be the Debtors' cash or operating revenue, which allegedly constitutes the cash collateral of KeyBank N.A. Concurrently herewith, the Debtors filed a motion for authority to use cash collateral. That motion, and the budget submitted therewith, includes a line-item for the utility deposits to be paid pursuant to this Motion.

Based on the Debtors' cash on hand, current operations and cash flow, the payment of the cash deposits to the Utility Companies will not render the Debtors' bankruptcy estates administratively insolvent.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order ordering as follows:

1. finding, among other things, that notice of this Motion was appropriate under the circumstances and complied with all applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, and the Local Bankruptcy Rules;

  2.  granting the Motion in its entirety;

  3.  authorizing the Debtors to provide adequate "assurance of payment" to the Utility Companies via cash deposits in the amounts set forth in Exhibit "1" filed concurrently herewith;

  4.  deeming the cash deposits paid by the Debtors to the Utility Companies in the amounts set forth in Exhibit "1" filed concurrently herewith as constituting adequate "assurance of payment" pursuant to Section 366(c) of the Bankruptcy Code;

  5.  requiring each Utility Company that receives a cash deposit under an order of the Court granting this Motion to return such cash deposit to the Debtors within ten (10) business days if, and when, the Utility Company's services are terminated by the Debtors;

  6.  prohibiting each Utility Company that receives a cash deposit under an order of the Court granting this Motion from applying such deposit to amounts owed by the Debtors to the Utility Company for services provided before the Petition Date; and

  7.  granting such other and further relief as the Court deems just and proper.

Date: July 26, 2010        LEVENE, NEALE, BENDER, YOO
                & BRILL L.L.P.

                */s/ Ron Bender*
                RON BENDER
                TODD M. ARNOLD
                Proposed Attorneys for Chapter 11 Debtors
                and Debtors in Possession