RON BENDER (SBN 143364)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; tma@lnbyb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (SACRAMENTO DIVISION)

| | |
|---|---|
| In re:<br><br>MATTERHORN GROUP, INC.,<br><br>    Debtor.<br><br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>    Debtor.<br><br>DELUXE ICE CREAM COMPANY,<br><br>    Debtor.<br><br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUP, INC.<br>☐ Affects only VITAFREZE FROZEN<br>      CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | [Proposed] Lead Case No. 10-39672 (MSM)<br>[Proposed] Jointly Administered with Case Nos. 10-39664 (MSM), and 10-39670 (MSM).[1]<br><br>DC No. LNB-7<br><br>Chapter 11 Cases<br><br>**DEBTORS' EMERGENCY MOTION TO ASSUME COLD STORAGE CONTRACTS**<br><br>Hearing:<br>Date:    TBD<br>Time:    TBD<br>Place:   Department A<br>           Judge Michael S. McManus<br>           Courtroom No. 28<br>           Floor No. 7<br>           Robert T. Matsui Courthouse<br>           501 I Street<br>           Sacramento, CA 95814 |

---

[1] Motion for Joint Administration pending.

Matterhorn Group, Inc. ("MGI"), Vitafreze Frozen Confections, Inc. ("Vitafreze"), and Deluxe Ice Cream Company ("Deluxe"), the debtors and debtors in possession in the above-captioned (proposed) jointly administered Chapter 11 bankruptcy cases (collectively, the "Debtors"), hereby move, by way of this motion (the "Motion"), for entry of an order authorizing the Debtors to assume contracts (the "Cold Storage Contracts") with Americold, U.S. Cold Storage, Nordic Cold Storage, Eugene Freezing and Storage, 3 Rivers Ice Cream Service, Inc., and Hanson Cold Storage (collectively, the "Providers"). This Motion is brought pursuant to 11 U.S.C. § 365, Fed.R.Bankr.P. 6003, 6006, and 9014, and LBR 9014-1 and is based on the concurrently filed Notice of this Motion and the Memorandum of Points and Authorities, declaration(s) and exhibits in support hereof.

As discussed in the accompanying Memorandum of Points and Authorities in support of the Motion (the "Memorandum"), the Debtors filed their voluntary Chapter 11 bankruptcy cases on July 26, 2010 (the "Petition Date"). The Debtors continue to operate their business, manage their financial affairs, and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

MGI owns 100% of the equity of Vitafreze and Deluxe.[2] The Debtors are in the frozen dessert industry. The Debtors operate from manufacturing facilities located in Sacramento, California, and Salem, Oregon, and have approximately 31 non-union employees and 226 union employees. The Debtors' administrative office is located in Las Vegas, Nevada.

In order for the Debtors to maintain operations and sales, the Debtors rent cold storage space from the Providers (1) to store raw material inventory until it is needed for manufacturing, and (2) to hold finished product inventory until it is needed for shipment, as the Debtors' facilities do not have enough space to hold all of the Debtors' raw material inventory and finished product inventory. Raw material inventory and finished product inventory are collectively referred to herein as "Inventory."

---

[2] MGI also owns 100% of the equity of Matterhorn Ice Cream, Inc., which entity is not operating and has not filed a bankruptcy case.

As of the Petition Date, the amounts owed to the Providers (each a "Cure Amount" and, collectively, the "Cure Amounts") and the fair market value of the Inventory held by each Provider was as follows:

| Desc | VendorName | Value | | | AP | | |
|---|---|---|---|---|---|---|---|
| | | Finished Goods | Raw Goods | Total | Outstanding | Pending | Vendor Balance |
| AMERICOLD - SALEM | Americold | $ 1,303,076 | $ - | $ 1,303,076 | $ 74,957 | $ 20,017 | $ 94,974 |
| US Cold Storage | U.S. Cold Storage | $ 881,423 | $ 70,522 | $ 951,945 | $ 232,313 | $ (20,888) | $ 211,425 |
| FG - US Cold Freezer | U.S. Cold Storage | $ 283,728 | $ - | $ 283,728 | | | |
| RM -USCS | U.S. Cold Storage | $ 29,352 | $ 46,354 | $ 75,706 | $ - | $ - | $ - |
| | | | | $ 1,311,379 | | | $ 211,425 |
| Nordic Cold Storage | Nordic Cold Storage | $ 189,364 | $ - | $ 189,364 | $ 3,612 | $ 1,085 | $ 4,697 |
| EF&S Eugene OR | Eugene Freezing and Storage | $ 226,646 | $ - | $ 226,646 | $ 8,839 | $ - | $ 8,839 |
| 3 Rivers Warehouse | 3 Rivers Ice Cream Service, Inc. | $ 13,405 | $ - | $ 13,405 | $ 48 | $ - | $ 48 |
| FG -Hanson Storage | Hanson Cold Storage | $ 75,347 | $ - | $ 75,347 | $ 2,918 | $ 829 | $ 3,746 |
| Hanson Cold Storage | Hanson Cold Storage | $ 4,339 | $ - | $ 4,339 | | $ - | |
| | | | | $ 79,687 | | | $ 3,746 |
| | | | | $ 3,123,558 | | | $ 323,729 |

Thus, as of the Petition Date, the Debtors owed each of the Providers far less than the value of the Inventory held by such Providers. In particular, the Debtors owed the Providers Cure Amounts totaling approximately $323,729, but the Providers were holding Inventory worth approximately $3,123,558.

The Providers appear to have materialman's liens on such Inventory pursuant to Cal.Civ.Code § 3051. Thus, the Providers may be able to demand payment prior to releasing any Inventory for use and sale by the Debtors. Without immediate access to the raw material inventory, the Debtors would have to stop manufacturing goods in approximately 3 days. Based on the foregoing, and without immediate access to its current finished product inventory held by the Providers, the Debtors would lose current sales and the confidence of buyers for future sales. Moreover, the failure to deliver on sales on time could lead to administrative clams for damages.

In consideration of the foregoing, the Debtors, in an exercise of their business judgment, have determined that it is in the best interests of the Debtors and their estates to immediately assume the Cold Storage Contracts, provided, however, that the Cure Amounts will be paid over five months, as follows, and as necessary: (1) a $100,000 payment made on the 13th day (or the first business day thereafter) of August, September, October and November and split proportionally between the Providers based on their Cure Amount until the Cure Amount is paid in full, and (2) a final payment on the 13th day of December for the balance of the Cure Amount owed to each Provider. Based on the foregoing, and because either stoppage of production or the inability to access finished product inventory to complete sales would lead to immediate irreparable harm, the Debtors submit that good cause exists to grant the relief requested herein pursuant to 11 U.S.C. § 365 and Fed.R.Bankr.P. 6003.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order ordering as follows:

1. finding, among other things, that notice of this Motion was appropriate under the circumstances and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules;

2. finding that the relief requested in this Motion is necessary to avoid immediate and irreparable harm;

3. granting the Motion in its entirety;

4. authorizing the Debtors to assume the Cold Storage Contracts and deeming the assumption thereof to be effective immediately;

5. finding that the Cure Amounts that must be paid in connection with the Debtors' assumption of the Cold Storage Contracts are as set forth herein and that any party that fails to file a timely objection to this Motion shall be deemed to have consented to the Debtors' proposed Cure Amounts and be forever barred from challenging the Debtors' proposed Cure Amounts or from asserting any claims on account of cure costs against the Debtors;

6. authorizing the Debtors to pay the Cure Amounts as set forth herein;

7. granting such other and further relief as the Court deems just and proper.

Date: July 26, 2010

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.

*/s/ Ron Bender*
RON BENDER
TODD M. ARNOLD
Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession