Case 12-10694    Filed 02/16/12    Doc 65

FILED
February 16, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004072918

3

T. SCOTT BELDEN, CSB NO. 184387
KALEB L. JUDY, CSB NO. 266909
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-Mail: sbelden@kleinlaw.com; kjudy@kleinlaw.com

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 12-10694-B-11 |
| MARKET 52, INC. | Chapter 11 |
| Debtor. | DC No. KDG - 4 |
| | Date:  March 1, 2012 |
| | Time:  9:00 a.m. |
| | Place: Bankruptcy Court, Dept B |
| |         2500 Tulare Street, 5th Floor |
| |         Fresno, California |
| | Judge: Honorable W. Richard Lee |

**DECLARATION OF JERALD D. DOWNS IN SUPPORT OF DEBTOR'S MOTION FOR ORDER, PURSUANT TO 11 U.S.C. § 105(a), ESTABLISHING PROCEDURES FOR TREATMENT OF CLAIMS UNDER PERISHABLE AGRICULTURAL COMMODITIES ACT**

I, JERALD D. DOWNS, declare:

1.  MARKET 52 ("Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on January 27, 2012. I am an officer of the Debtor and have personal knowledge of the information set forth in this Declaration. I could and would testify thereto if called as a witness.

2. Debtor is authorized to continue to operate its business and manage its property as a debtor in possession.

3. Debtor is a corporation with a principal place of business in Kings County, California. Debtor's primary business is the purchase, processing, and re-sale of fresh produce, including grapes, blueberries, and other fruit.

4. Debtor is a licensed dealer under the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"). Debtor's primary source of income is generated by the sale of produce which is subject to PACA claims held by creditors.

5. Since 2007, Debtor has tried to build a year-round (52-week) supply chain for berries with supplies coming from Chile, Argentina, and Mexico, in addition to domestic sourcing in California and the Pacific Northwest. During its years of operations, Debtor supplied major food retailers, including Costco, Safeway, Raley's, Kroger, Trader Joes, and others.

6. As Debtor grew to accommodate the demands of its customers, advance its model as a supplier of year-round fresh produce and berries, and develop a cold storage business, Debtor experienced severe working capital shortfalls. Debtor sustained a substantial loss in 2010 and thereafter turned to factoring its receivables to meet its operating needs.

7. By the end of 2011, it was clear that Debtor had insufficient capital to meet operating needs and repay vendors, growers, and other creditors. At that time, Debtor started aggressive efforts to market and sell its business to large national and international produce concerns. At the same time, several of Debtor's creditors, including growers who had sold berry commodities to Debtor and were owed substantial sums of money, began pursuing legal action. Debtor attempted to and did reach payment arrangements with several of these creditors, but in the end Debtor could not come up with sufficient funds to make the payments or even propose payments.

8. It also became clear to Debtor that a sale of Debtor's assets would be more beneficial to its creditors if it took place within the context of a Chapter 11 case and accomplished pursuant to 11 U.S.C. Section 363. To that end, Debtor engaged a consultant to

assist it with the marketing and sale of the company and even prior to the bankruptcy case, was in dialog with several potential interested parties.

9. I believe that, in order to consummate a sale of Debtor's business under 363, it will need to determine and disclose the number and amount of its creditors who hold Valid PACA Claims, as defined in the Motion.

10. I believe that Debtor's liabilities total approximately $9.7 million. Of this amount, approximately 40 creditors, holding claims totaling approximately $4.1 million, are growers who supplied Debtor with fresh produce. I believe that some of these creditors may have preserved their rights to the PACA Trust.

11. As of the petition date, ten creditors had filed administrative actions against Debtor before the U.S.D.A. Three creditors had filed civil actions to establish their claim to the PACA trust.

12. Debtor wants to establish a procedure to quickly and efficiently determine which creditors have preserved their rights to the PACA trust's assets. I believe that such a procedure would save these creditors, and the estate, from the expense and delay involved in establishing each creditor's entitlement to the PACA trust separately through stay relief motions and adversary proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. This declaration was signed on the date below at Kingsburg, CA.

Dated: Feb 15, 2012

JERALD D. DOWNS

36T4953

3